IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Steven Winkles | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Medicredit | ) | |
| One Park Plaza | ) | |
| Nashville, TN 37203 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Steven Winkles, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Medicredit, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA makes clear that within five days of any initial communication, a debt collector clearly state who the current creditor of the Debtor is. 15 U.S.C. Section 1692g

## APPLICABLE CASE LAW

3. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir., 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a), it violates the FDCPA.

4. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

5. If an initial dunning letter fails to disclose the required information

clearly, it violates the FDCPA, without further proof of confusion. *Id.*

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiff, Steven Winkles (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
9. Plaintiff is a resident of the State of Illinois
10. Defendant, Medicredit, Inc. ("Defendant"), is a Tennessee business entity with an address of One Park Plaza, Nashville, TN 37203 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
11. Unless otherwise stated herein, the term "Defendant" shall refer to Medicredit, Incorporated..
12. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

13. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $84.99 (the "Debt") to an original creditor (the "Creditor")
14. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
15. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
16. On November 14, 2017, Defendant sent an initial communication to Plaintiff. See Exhibit A.
17. The letter states in the opening "[T]his is to inform you that Northwest

Community has placed your account with this agency with the full intention of collection this account. Please give this past due account the attention it deserves." See Exhibit A.

18. An unsophisticated consumer, would have no idea who Northwest Community actually is.

19. In fact, Plaintiff has no idea who the "Northwest Community" is that is involved in the debt collection.

20. In the state of Illinois, there are approximately twenty-one (21) businesses in the healthcare industry that have the name "Northwest Community" in their name. See Exhibit B.

21. However, there are absolutely no businesses that go by "Northwest Community." See Exhibit B

22. There is a Northwest Community Hospital, a Northwest Community Credit Union, a Northwest Community Music Academy, a Northwest Community Pharmacy and many many more with "Northwest Community" in the title. See Exhibit B

23. Furthermore, it is not even clear that "Northwest Community" is the creditor in this matter. See Exhibit A.

24. The word "creditor" is not in this letter. See Exhibit A.

25. There is nothing clearly indicating that Northwest is the creditor to whom this debt is owed. See Exhibit A.

26. The letter is confusing and unclear who owns Plaintiff's debt and who "Northwest Community" actually is.

## STANDING AND INJURY

27. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

28. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

29. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696,
30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
33. The Defendant's conduct violated 15 U.S.C. Section 1692g(a) by not stating clearly who the creditor was on this matter.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin

John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff